# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BRIAN JERMAINE DODSON,

            Petitioner,     :     Case No. 1:16-cv-060

- vs -                          District Judge Crenshaw
                                  Magistrate Judge Merz

CHERRY LINDAMOOD, Warden,

                             :

            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Emergency Motion for Immediate Medical Treatment and Neurological Examination (ECF No. 54). The Warden opposes the Motion (ECF No. 55) and Petitioner has filed a Reply in Support (ECF No. 56).

The Motion seeks relief in the nature of a preliminary injunction and is thus a dispositive motion on which the Magistrate Judge must make a recommended disposition rather than a decision. 28 U.S.C. § 636(b). At the time the Motion was filed, this Magistrate Judge was presiding, on a consent basis, over preliminary injunction proceedings related to the impending execution of Alva Campbell by Ohio which was scheduled for November 15, 2017, and thus was unable to decide the Motion as promptly as would have been desirable.

In *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the Supreme Court held a district court cannot grant release from confinement in a § 1983 action because to do so would frustrate the

1

habeas exhaustion requirements. Then in *Nelson v. Campbell,* 541 U.S. 637 (2004), the Court held that a challenge to a method of execution can be brought in a § 1983 because it essentially challenges a method of carrying out a criminal judgment. The Court reaffirmed § 1983 cognizability of these claims in *Hill v. McDonough,* 547 U.S. 573 (200). In *Glossip v. Gross,* 135 S. Ct. 2726 (2015), the Court held that method of execution claims not only can be but must be brought in a § 1983 case. Then in *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017), the Sixth Circuit brightened the line distinguishing § 1983 from § 2254 cases and held that *Glossip* means what it says: method of execution claims must be brought in § 1983 and cannot be brought in habeas.

*Campbell* was decided October 25, 2017, and the Supreme Court denied certiorari November 14, 2017, so the *Campbell* decision is final and, because published, precedential.[1] It relies on the fundamental distinction between § 1983 procedure and habeas procedure adopted by the Supreme Court in *Preiser*, *Nelson*, and *Glossip*.

That distinction governs the decision of the instant Motion. The Motion raises a conditions of confinement constitutional claim which must be brought in a § 1983 case; relief on that claim cannot be granted "ancillary" to a habeas corpus claim. The Magistrate Judge in no way intends to denigrate the seriousness of Mr. Dodson's condition as represented in the Motion nor to suggest it is not addressable by this Court[2]. But it is not within our habeas corpus jurisdiction.

---

[1] The prompt decision from the Sixth Circuit and the prompt denial of certiorari probably happened because of the imminence of Campbell's scheduled execution. As has been widely reported, Campbell's execution was halted in process by the Director of the Ohio Department of Rehabilitation and Corrections.
[2] I pretermit any venue questions.

It is therefore respectfully recommended that the Motion be DENIED without prejudice to renewal of the claim in a § 1983 case.

December 22, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

(by assignment)