# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **BRIAN JERMAINE DODSON** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 1:16-cv-00060** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **SHAWN PHILLIPS, Warden,** | ) | **MAGISTRATE JUDGE** |
| | ) | **FRENSLEY** |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Before the Court is a Report and Recommendation from the Magistrate Judge concerning Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 96). The Magistrate Judge recommends Petitioner's Amended Petition for habeas relief be denied and dismissed with prejudice. (*Id.*). Petitioner, through counsel, filed timely objections to the Report and Recommendation. (Doc. No. 103).

## I.       BACKGROUND

Petitioner Brian Jermaine Dodson was convicted by a jury of first-degree murder, attempted first degree murder, and aggravated assault for the fatal stabbing of Kim Malone and the nonfatal stabbing of Crystal McKee. (Doc. No. 46 at ¶ 1); *Dodson v. State*, No. M2014-00693-CCA-R3-PC, 2015 WL 9488738, at *1 (Tenn. Crim. App. Dec. 29, 2015). Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to the magistrate judge for report and recommendation under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 47).

Petitioner previously moved for an evidentiary hearing to demonstrate that he can overcome procedural default on his claims of ineffective assistance of trial counsel with regard to

the following alleged deficiencies: (1) failure to raise a *Batson* challenge to the striking of a Hispanic juror; (2) failure to challenge the exclusion of women and persons of color as grand jury forepersons; (3) failures with regard to the testimony of Crystal McKee; and (4) failures with regard to investigation and presentation of D.N.A. evidence. (Doc. No. 86). The Magistrate Judge denied the request for evidentiary hearing. (Doc. No. 88). The Court affirmed the Magistrate Judge's Order. (Doc. No. 92).

Petitioner's Amended Petition for habeas relief raises 20 separate claims for relief. (Doc. No. 96). The Magistrate Judge thoroughly considered Petitioner's claims and issued a 66-page Report and Recommendation recommending the Court deny the Amended Petition. Petitioner filed objections to the Report and Recommendation. (Doc. No. 103).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009); *Lea v. United States Dep't of Agric.*, 2018 WL 721381, at *1 (M.D. Tenn. Feb. 6, 2018) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Additionally, arguments not raised before the Magistrate Judge are not properly raised in an objection to a Report and Recommendation. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (6th Cir. 2000)) (table). In conducting the review, the court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.     ANALYSIS

### A. Petitioner's Objections

Petitioner filed the following objections to the Report and Recommendation:

A.   The Report and Recommendation's conclusions regarding the *Batson* claims (1 and 16a) are erroneous.

B.   The Report and Recommendation's conclusions regarding the reasonable doubt jury instructions claims (2 and 16j) are erroneous.

C.   The Report and Recommendation's conclusions regarding the grand jury foreperson claims (15, 16b, 17l) are erroneous.

D.   *Martinez* excuses all other procedurally defaulted ineffective assistance of counsel claims, because such claims are substantial, and he was denied the effective assistance of post-conviction counsel (claims 3-7, 10-11, 13-14, 16a-16i, 16k-l, 16 n-t, 17-18, and 20).

E.   The Magistrate erred in recommending Mr. Dodson's exhausted claims be denied (claims 9, 12, 16m, 19).

(Doc. No. 103).

As indicated by the list of objections, Petitioner raises specific objections regarding the Magistrate Judge's conclusions regarding the *Batson* claims, the reasonable doubt jury instruction claims, and the grand jury foreperson claims. However, his objections with regard to "all other procedurally defaulted claims" and all "exhausted claims" are not similarly specific. Petitioner objects to the Magistrate Judge's conclusion that procedural default is not excused as to his remaining defaulted claims by arguing generally that "*Martinez* excuses all other procedurally defaulted ineffective assistance of counsel claims, because such claims are substantial and he was denied the effective assistance of post-conviction counsel." This objection, which does not address any specific aspect of the Magistrate Judge's analysis or of Petitioners claims, is not sufficiently

3

specific to trigger *de novo* review as to these issues. *See Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) ("a general or non-specific objection is tantamount to no objection at all").

Petitioner's objection to the Magistrate Judge's recommendation that his exhausted claims be denied is similarly non-specific. Without any exposition or argument he states, (1) Adrian Walker's testimony was in violation of the Sixth and Fourteenth Amendments because the prosecution failed to disclose an exculpatory interview demonstrating that Walker had been intimidated by an agent; (2) there was insufficient evidence to support Petitioner's convictions; and (3) counsel was ineffective in failing to present expert testimony on eyewitness identification. Petitioner states, "the state court's decisions on these claims were unreasonable and the Magistrate erred in recommending they be denied." These general, conclusory objections are insufficient to apprise the Court of the perceived error in the Magistrate Judge's findings. *See Stamtec*, 296 F. App'x at 520 ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed in error are too general and therefore insufficient.").

Accordingly, the Court considers only Petitioner's objections to the Magistrate Judge's conclusions regarding his *Batson* challenge claims (1 and 16a), reasonable doubt jury instructions claims (2 and 16j), and jury foreperson claims (15, 16b, 17l).

**B.  Procedural Default**

To obtain relief under § 2254, a prisoner must first exhaust his state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Tennessee, exhaustion of state remedies requires that the Tennessee Court of Criminal Appeals review the asserted claims of error. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003). Failure to present claims of error through the state appellate review process results in

4

procedural default and foreclosure from federal review absent a showing of cause and prejudice or a "fundamental miscarriage of justice." *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (citations omitted).

Petitioner does not object to the Magistrate Judge's conclusion that his *Batson* challenge claims (1 and 16a), reasonable doubt jury instructions claims (2 and 16j), and jury foreperson claims (15, 16b, 17l) are procedurally defaulted.

A petitioner can rely on ineffective assistance of "postconviction counsel as cause to overcome the default of a single claim – ineffective assistance of trial counsel – in a single context – where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila v. Davis*, 137 S. Ct. 2058, 2062-63 (2017) (citing *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013)). The *Martinez* rule applies in Tennessee. *See Hines v. Mays*, 814 F. App'x 898, 914-15 (6th Cir. 2020), rev'd on other grounds, *Mays v. Hines*, 141 S. Ct. 1145 (2021); *Sutton v. Carpenter*, 745 F.3d 787, 795-96 (6th Cir. 2014).

A petitioner "must also demonstrate that the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. A successful ineffective assistance of counsel claim requires a showing that counsel was deficient in that he or she made "errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," and that counsel's deficient performance prejudiced the defense by being "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hines*, 814 F.3d at 905 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Finally, to overcome procedural default, Petitioner must also show "actual prejudice" – *i.e.*, that "the outcome of the trial would have been different" absent the underlying constitutional error. *Jones v. Bell*, 801 F.3d 556, 563 (6th Cir. 2015). "Because of comity and federalism, the petitioner must show that 'the outcome would have been different' 'regardless of the nature of the underlying constitutional claim." *Id*. (citing *Ambrose v. Booker*, 684 F.3d 638, 650-51 (6th Cir. 2012)).

## C. *Batson* Challenge

Petitioner argues the prosecution striking Hispanic juror Adolfo Veramontes violated the Sixth and Fourteenth Amendment rights to due process and equal protection. (Doc. No. 103 at 1 (citing *Batson v. Kentucky*, 476 U.S. 79 (1986) and *Foster v. Chatman*, 578 U.S. 488 (2016))). Petitioner contends there was "no legitimate reason for defense counsel not to object to the striking of Veramontes based on his race" and that he has a meritorious claims of ineffective assistance of counsel based on counsel's failure to object. (*Id*.).

The equal protection clause prohibits a prosecutor from using peremptory challenges to remove an otherwise qualified juror from the petit jury solely based on race. *Batson*, 476 U.S. at 84. The Magistrate Judge concluded that Petitioner could not meet the first element of the *Batson* inquiry – a *prima facie* showing that a peremptory challenge has been exercised on the basis of race. (Doc. No. 96 at 20). The Magistrate Judge explained that the circumstances surrounding the strike of Mr. Veramontes included that, during voir dire, Mr. Veramontes expressed some confusion about the burden of proof and the differences between a civil and criminal trial. (Doc. No. 96 at 20 (citing Doc. No. 31-6 at 64-65)). Moreover, even after Petitioner was allowed discovery as to the District Attorney's jury selection notes, he cited to no evidence that the prosecution struck the prospective juror on the basis of race. (*Id*. (citing Doc. No. 75 at 16)).

In objecting to the Magistrate Judge's conclusion, Petitioner raises for the first time arguments that the District Attorney's failure to ask Mr. Veramontes clarifying questions is evidence of discrimination. (Doc. No. 103 at 2 (citing *U.S v. Mahbub*, 818 F.3d 213, 227-28 (6th Cir. 2016) and *U.S. v. Odeneal*, 517 F.3d 406, 412-13 (6th Cir. 2008))). These arguments were not presented to the Magistrate Judge and are, therefore, not proper for grounds for objection to the Report and Recommendation. However, neither of these cases is particularly applicable here. In *Mahbub*, the Sixth Circuit stated that asking jurors of different races different questions can be evidence of discriminatory intent. *Mahbub*, 818 F.3d at 227-28. Petitioner does not point to any evidence in the record of this case that the prosecutor asked contrasting questions to jurors of different races that would raise an inference of discrimination.

In *Odeneal*, the prosecutor struck two of the four African-American jurors. *Odeneal*, 517 F.3d at 412-13. When challenged, he explained that he struck one of the jurors because she had previously served on a jury that returned a not-guilty verdict and that she was going through a divorce. *Id*. at 413. The prosecutor offered no explanation for why he did not strike a white juror who had been on the same jury that returned the not-guilty verdict. *Id*. The Sixth Circuit stated that the district court's consideration of the totality of the circumstances surrounding a strike should include "a comparison between the affected juror as well as others that went unchallenged." *Id*. at 420. The court found that the "unexplained disparate treatment" established that the prosecutor's explanation was pretextual. *Id*. The Court noted, with regard to the second grounds provided, that the prosecution did not ask any follow-up questions regarding the potential juror's ability to focus on the proceeding because of her divorce. *Id*. at 420-21. Here, there is no evidence that the prosecution did not challenge other potential jurors to whom the same reasoning would have applied. Nor is the failure to ask follow-up questions regarding Mr. Veramontes's confusion

between the burden of proof in civil and criminal proceedings comparable to asking follow-up questions about the effect of a divorce on a juror's ability to concentrate.

The Court agrees with the Magistrate Judge's conclusion that the trial attorney's failure to raise a *Batson* challenge does not excuse procedural default of his claims because Petitioner cannot make a *prima facie* showing that the preemptory challenge was exercised on the basis of race.

## D. Reasonable Doubt Jury Instructions

Petitioner claims that his Fourteenth Amendment Due Process rights were violated when "the jury was not instructed on the meaning of reasonable doubt upon the conclusion of the evidence … but instead instructed merely to convict 'as you think justice and truth dictate, … reliev[ing] the prosecution of proving Petitioner's guilt of all charges by beyond a reasonable doubt." (Doc. No. 46 at 2 (citing Doc. No. 31-12 at 124)). Petitioner claims he received ineffective assistance of trial counsel based on trial counsel's failure to object to the jury charge. *Id*. at 15.

"Taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury." *Holland v. United States*, 348 U.S. 121, 140 (1954). Petitioner's selective quote from the jury instructions is somewhat misleading. After repeatedly instructing the jury that they may only find Petitioner guilty if the prosecution proved the charges beyond a reasonable doubt (*see* Doc. No. 31-12 (referencing reasonable doubt over 40 times in the closing instructions)), the court instructed, "You must render your verdict with absolute fairness and impartiality as you think justice and truth dictate." (*Id*. at 152). The court then reiterated that the jury should only find Petitioner guilty "[i]f you find the State has proven the defendant guilty beyond a reasonable doubt." (*Id*. at 153). The court added, "On the other hand, if you find the State has not proven beyond a reasonable doubt the defendant's guilt, or if you have a reasonable doubt as to his guilt, then you must find the defendant not guilty." (*Id*.).

8

Petitioner argues that, taken as a whole, the trial court's instructions gave an "inaccurate impression of reasonable doubt," and "failed to hold the government to its burden," because the trial court only defined reasonable doubt in the preliminary instructions. The Court disagrees. When appropriately considered in context, the trial court's instruction to "render your verdict with absolute fairness and impartiality as you think justice and truth dictate" did not create an inaccurate impression of reasonable doubt, particularly when the trial court reiterated the reasonable doubt requirement three more times following that statement.

The Court agrees with the Magistrate Judge's conclusion that Petitioner has not raised a substantial constitutional claim as to this issue and, therefore, cannot overcome procedural default.

## E. Grand Jury Foreperson

Petitioner argues his Sixth and Fourteenth Amendment Constitutional rights were violated when he was indicted by a grand jury from which African-Americans and Hispanics were systematically underrepresented and/or excluded and from which African-Americans, Hispanics, and women had been excluded as foreperson. (Doc. No. 46 at 8). Petitioner claims trial counsel was ineffective for failing to raise this objection.

The Magistrate Judge concluded that Petitioner did not raise a "substantial" claim and, therefore, could not overcome procedural default. Petitioner argues that under *Rose v. Mitchell*, 443 U.S. 545 (1979), he has shown his entitlement to relief on the merits, by establishing that "a cognizable group has been excluded as foreperson, there is significant underrepresentation of that group, and the selection process is susceptible to abuse." (Doc. No. 103 at 4-5).

The Court previously considered this issue when reviewing Petitioner's objections to the Magistrate Judge's February 26, 2020 Order denying Petitioner's motion for an evidentiary

9

hearing. (*See* Doc. Nos. 88, 92). Petitioner's objection regarding denial of habeas relief as to this issue is overruled for the same reasons previously stated.

In *Rose v. Mitchell*, 443 U.S. 545, 547-48 (1979), the Court considered a claim by two Tennessee defendants, indicted in 1972, that "the grand jury array, and the foreman, have been selected in a racially discriminatory fashion." After affirming that claims of discrimination in the selection of members of the grand jury, including the grand jury foreperson, are cognizable on federal habeas corpus, the Court held that defendants did not make out a *prima facie* case of discrimination as a matter of law. *Id*. at 565, 574. In light of the ultimate disposition of the case, the Court did not reach the questions of whether the jury foreman selection process in that case was discriminatory or whether discrimination with regard to only the foreman requires a conviction to be set aside. *Id* at 574 and 552, n.4 ("In view of the disposition of this case on the merits, we may *assume without deciding* that discrimination with regard to the selection of only the foreman requires that a subsequent conviction be set aside, just as if the discrimination proved had tainted the selection of the entire grand jury venire.") (emphasis added).

The Supreme Court further examined the question of discrimination in jury foreperson selection in *Hobby v. United States*, 468 U.S. 339, 344 (1984). In *Hobby*, the Supreme Court addressed the issue of whether the selection of grand jury forepersons in the federal system violated due process and equal protection rights. The Court held that "[d]iscrimination in the selection of the grand jury fore[person]—as distinguished from discrimination in the selection of the grand jury itself—does not in any sense threaten the interests of the defendant protected by the Due Process Clause" because the role of the federal grand jury foreperson was "ministerial" and "not so central to the administration of justice that discrimination in the appointment of that office impugns the fundamental fairness of the process itself so as to undermine the integrity of the

10

indictment." *Id*. at 345. In reaching this decision, the Court distinguished the selection and duties of a federal jury foreperson from those of the Tennessee jury foreperson in *Rose*.[1] *Id*. at 347-48.

Petitioner argues the decisions in *Rose* and *Hobby* require only proof of discrimination in selection of the grand jury foreperson and that he has shown "some merit" to his claim. As stated above, neither *Rose* nor *Hobby* hold that proof of discrimination in selection of only the grand jury foreperson necessarily states a claim under the Due Process or Equal Protection Clauses. Moreover, to the extent the *Rose* Court expressed a view regarding the role of the grand jury foreperson at it was in 1972, Petitioner has presented no evidence that grand jury forepersons in 2009, when Petitioner was indicted, exercised the same duties. Nor has Petitioner established that the duties of the foreperson listed in Tennessee Rule of Criminal Procedure (6)(g) rise to the level of that considered problematic by *Rose*.

More importantly, however, in the context of the issue before the Court – whether Petitioner can overcome default under *Martinez* – Petitioner must show he was prejudiced by trial counsel's failure to object to the grand jury foreperson. The Sixth Circuit addressed this precise question in *Hines v. Mays*, 814 F. App'x 898, 914-15 (6th Cir. 2020), rev'd on other grounds, *Mays v. Hines*, 141 S. Ct. 1145 (2021). In *Hines*, the court considered a claim that trial counsel were ineffective because they did not challenge the systematic exclusion of women from serving as grand jury foreperson in Cheatham County, Tennessee. The court stated that the grand jury foreperson's duties and powers "appear to be merely 'ministerial' and therefore do not present a risk of prejudice." *Id*. The court concluded the petitioner was not entitled to relief because he

---

[1] In *State v. Bondurant*, 4. S.W.3d 662, 675 (Tenn. 1999), the Tennessee Supreme Court disputed the description given in *Hobby*, stating "[a]lthough the Court in *Hobby* did not address an issue of Tennessee law, it appears to have given rise to a misperception and groundless assumption of the authority of the grand jury foreperson in Tennessee … [I]t appears that the Court … surmised that the Tennessee grand jury foreperson had powers greater than those bestowed by statute or exercised de facto." (quoting *State v. Jefferson*, 769 S.W.2d 875 (Tenn. Crim. App. 1988)).

failed to show prejudice. In reaching this conclusion, the Sixth Circuit rejected the Supreme Court's description of the role of the Tennessee foreperson in *Hobby v. United States*, noting that "the relevant state statute establishes that the foreperson has the same voting power as any other grand juror [] and therefore does not have 'virtual veto power over the indictment process.'" *Id*.

The Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to relief on this claim.

## I.      CONCLUSION

The Court has reviewed the Report and Recommendation (Doc. No. 96), and conducted a *de novo* review as to the portions of the Report and Recommendation to which Petitioner made specific objections. For the reasons stated herein, Petitioner's Objections (Doc. No. 103) are **OVERRULED** and the Report and Recommendation is **ADOPTED** and **APPROVED**. Accordingly, Petitioner's Amended Petition for habeas relief (Doc. No. 46) will be **DENIED** and **DISMISSED WITH PREJUDICE**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE